## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **STEVEN M. MONACELLI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 3:21-cv-2649** |
| **v.** | § | |
| | § | |
| **CITY OF DALLAS and OFFICERS** | § | |
| **JOHN DOE 1-4, individually and in** | § | |
| **his official capacity as a Dallas Police** | § | |
| **Department Police Officer,** | § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY LIMITED TO THE IDENTITIES OF JOHN DOES 1-4

Plaintiff STEVEN MONACELLI ("Monacelli") requests expedited discovery in this case to obtain records from Defendant CITY OF DALLAS ("the City") limited to records that would aid in identifying the John Doe defendants (collectively, "Defendants") before the limitations period expires.

### INTRODUCTION

As detailed in Plaintiff's First Amended Complaint, this action seeks to hold Defendants accountable for violations of Monacelli's First and Fourth Amendment rights pursuant to 42 U.S.C. § 1983 for Defendants' conduct on June 1, 2020, while Monacelli covered the protests that erupted in Dallas after the death of George Floyd in Minnesota. The limitations period for Monacelli's § 1983 claims is governed by Texas law. *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001) ("The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state."). Texas has a two-year statute of limitations for personal injury claims. *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (citing Tex. Civ. Prac. & Rem. Code § 16.003(a)).

Monacelli seeks to identify, name, and serve any defendants sued under pseudonyms—the John Doe defendants—prior to the expiration of the limitations period. Therefore, he requests the City be required to produce certain records relating to law enforcement response to the George Floyd protests on June 1, 2020, that address or pertain to Monacelli. Thus, though a Rule 26(f) conference has not yet occurred, Monacelli asks the Court to allow expedited discovery for the limited purpose of disclosure of the aforementioned records.

## ARGUMENT

The Court may exercise its inherent power to control discovery. While the Federal Rules of Evidence do not provide a standard for ordering expedited discovery, the Northern District of Texas, along with sister courts in the Fifth Circuit, utilize a "good cause" standard for determining the validity of requests for expedited discovery. *See Northstar Offshore Ventures, LLC v. Tana Expl. Co. LLC*, No. 3:18-CV-2025-N, 2018 WL 3970616, at *1 (N.D. Tex. Aug. 20, 2018); *Fiduciary Network, LLC v. Buehler*, No. 3:15-CV-0808, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015); *U.S. Commodity Futures Trading Comm'n v. M25 Invs., Inc.*, No. 3-09-CV-1831-M, 2009 WL 3740627, at *1 (N.D. Tex. Sept. 29, 2009) ("Good cause exists for the Plaintiff to conduct expedited discovery . . . ."); *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) ("Several district courts within the Fifth Circuit have expressly utilized the 'good cause' standard when addressing [requests for expedited discovery].").

"Courts commonly consider the following factors in determining whether 'good cause' exists to order expedited discovery: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical

discovery process the request was made.'" *Northstar Offshore*, 2018 WL 3970616, at *1 (quoting *St. Louis Grp., Inc.*, 275 F.R.D. at 241, n. 4).

Here, the factors weigh in favor of granting the instant motion for expedited discovery. First, the breadth of the discovery requests is narrow, relating only to records that pertain to Monacelli as related to the City's law enforcement response to the George Floyd protests on June 1, 2020. All other law enforcement records are not responsive to the instant motion. Second, the purpose for requesting the expedited discovery is imperative and time sensitive. Without discovery, Monacelli may be unable to identify, name, and serve the defendants in the Complaint currently under pseudonym before the statute of limitations runs out on June 1, 2022. *See McMann v. Doe*, 460 F. Supp. 2d 259, 265–66 (D. Mass. 2006) (allowing expedited discovery on basis that showing of irreparable harm had been made because plaintiff could receive no remedy without knowing defendant John Doe's true name); *see Murphy v. Goord*, 445 F.Supp.2d 261, 266 (W.D.N.Y. 2006) ("[C]ourts have recognized that situations arise in which the identity of alleged defendants may not be known prior to the filing of a complaint. In such situations, the plaintiff should have the opportunity to pursue discovery to identify the unknown defendants.").

Third, the burden on the City to comply with the requests is relatively minimal. The City here need not search for any documents other than those directly mentioning or pertaining to Monacelli. Additionally, the City has already been made aware of the short range of time for responsive documents: on or about June 1, 2020. Additionally, through counsel Monacelli has sought the same information  that would allow for the identification of the pseudonymous Defendants through a Request filed with the City under the Public Information Act. Tex. Gov't Code §§ 552.001–.376.[1]  However, the City has not processed that request and instead took the

---

[1] PIA Request is attached as Exhibit A.

position in a March 9, 2022 letter to the Office of the Attorney General that it can withhold those records under the Litigation Exception to the PIA, which protects records "relating to litigation of a civil or criminal nature" where the state or a subdivision is a party. *Id.* § 552.103.[2] The Attorney General has not issued a ruling in response to the City's letter and is not required to do so until May 16, 2022, at the very earliest, assuming the Open Records Division does not take an additional 10 business days, which it can do as a matter of right. *Id.* § 552.306(a)-(b). Even if the Attorney General were to issue a ruling favorable to Plaintiff and requiring the production of these records, the City could challenge such a ruling in court. *Id.* § 552.324. Monacelli believes his only path to obtaining information that would allow him to identify Defendants in timely fashion is through the limited discovery sought in this motion. For all the reasons listed, the factors weigh in favor of granting this motion for expedited discovery limited to the identities of the John Doe Defendants.

## CONCLUSION

For the reasons above, Monacelli requests the Court enter an order allowing limited discovery before a Rule 26(f) conference in this case. Monacelli requests Defendant City of Dallas be required to produce any records relating to law enforcement response to the George Floyd protests on June 1, 2020, that address or pertain to Monacelli.

Respectfully submitted,

By: */S/ Michael W. Shapiro*
Michael W. Shapiro
Texas Bar No. 24120472
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, Texas 75275
Tel.: (214) 768-4077
Fax: (214) 768-1611
Email: mshapiro@smu.edu

---

[2] The City's Request for an Attorney General's ruling is attached as Exhibit B.

By: */S/ David W. Henderson*
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
**ELLWANGER LAW LLLP**
400 S. Zang Blvd. Ste. 1015
Dallas, TX 75208
Telephone: (469) 998-6775

**Attorneys for Steven Monacelli**

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2022, a true and correct copy of the foregoing document was tendered for filing to the Clerk of the U.S. District Court for the Northern District of Texas using the Court's CM/ECF system.

*/S/ Michael W. Shapiro*
Michael W. Shapiro

## CERTIFICATE OF CONFERENCE

I hereby certify that on, April 19, 2022, I conferred with John Cheves Ligon, counsel for Defendant the City of Dallas, pursuant to Local Rule 7.1(b) regarding the relief request in this motion. On April 20, 2022, Mr. Ligon informed me that the City opposes this relief.

*/S/ Michael W. Shapiro*
Michael W. Shapiro

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN M. MONACELLI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 3:21-cv-2649** |
| **v.** | § | |
| | § | |
| **CITY OF DALLAS and OFFICERS** | § | |
| **JOHN DOE 1-4, individually and in** | § | |
| **his official capacity as a Dallas Police** | § | |
| **Department Police Officer,** | § | |
| | § | |
| *Defendants.* | § | |

**[PROPOSED]**
**ORDER GRANTING EMERGENCY MOTION FOR LEAVE TO TAKE EXPEDITED**
**DISCOVERY LIMITED TO THE IDENTITIES OF JOHN DOES 1-4**

Before this Court is Steven Monacelli's Emergency Motion for Leave to Take Expedited Discovery Limited to the Identities of John Does 1-4, DPD Officers employed by the Defendant City of Dallas. The Court having now reviewed said motion finds that it is well taken and should be granted.

**ORDERED** that Steven Monacelli's Emergency Motion for Leave to Take Expedited Discovery Limited to the Identities of John Does 1-4 is **GRANTED**.

**IT IS SO ORDERED.**

Signed this _____ day of _____, 2022.

_____

Judge Sam A. Lindsay