IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN M. MONACELLI, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-2649 |
| | § | |
| CITY OF DALLAS, and OFFICERS | § | |
| JOHN DOE 1-4. Individually and in | § | |
| his official capacity as a Dallas Police | § | |
| Department Police Officer, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT CITY OF DALLAS'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY LIMITED TO THE IDENTITIES OF JOHN DOES 1-4**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant City of Dallas ("City"), files this Response to Plaintiff's "Emergency Motion for Leave to Take Expedited Discovery Limited to the Identities of John Does 1-4" (hereinafter "Motion"), and respectfully shows the Court as follows:

### I.    SUMMARY OF MOTION

Plaintiff Steven M. Monacelli ("Monacelli") initiated this action on October 26, 2021, alleging civil rights violations for events that occurred on June 1, 2020. He now seeks a court order permitting discovery in advance of the parties' Rule 26(f) conference. He asserts that expedited discovery is necessary "to identify, name, and serve any defendants sued under pseudonyms—the John Doe defendants—prior to the expiration of the statute of limitations." Mot. at 2. However, the "crisis" now facing Monacelli is one of his own making. Indeed, Monacelli waited until nearly a year and a half after his alleged injuries to file suit and a little over a month before the statute of limitations expires to file the instant Motion when he was clearly aware that the identities of the

1

John Doe defendants were unknown when he filed this action against them. Monacelli provides no explanation for his delay.

Moreover, the John Doe defendants should have been dismissed from this action four months ago when Monacelli failed to serve them within 90 days of filing the lawsuit. *See* Fed. R. Civ. P. 4(m). Nevertheless, permitting Monacelli expedited discovery now solely on the basis that his claims against the John Doe defendants may be barred by the statute of limitations, without requiring an adequate justification for the delay, would reward his lack of diligence and disregard for the Federal Rules of Civil Procedure and applicable limitations period.

Considering that Monacelli provides no explanation for either his delay in filing suit against the John Doe defendants or his delay in filing the instant Motion, he has failed to provide a sufficient showing of good cause to warrant deviating from the standard discovery timeline or ordinary course of discovery.

## II.  BRIEF FACTUAL SUMMARY AND PROCEDURAL HISTORY

Monacelli alleges that on June 1, 2020, he was a journalist covering protests on the Margaret Hunt Hill Bridge (the "Bridge") related to the death of George Floyd. Compl. ¶¶ 5; 18. When protestors moved onto the Bridge, Monacelli claims DPD officers employed a "kettling" technique whereby protestors were "hemmed [ ] in from behind." *Id*. ¶ 22. Monacelli claims, at some point, officers launched chemical irritants at the crowd, which caused Monacelli irritation as well. *Id*. ¶¶ 23-25. Monacelli alleges that then, while he was attempting to capture images of the protests, officers began firing kinetic impacts projectiles ("KIPs") at the crowd, hitting Monacelli's leg. *Id*. ¶¶ 23-25. Seconds later, a DPD officer allegedly shot a paintball at Monacelli, hitting him in the back and leaving a paint mark. *Id*. ¶ 29. Monacelli, allegedly displaying the word "PRESS" on his person, claims he attempted to continue his journalistic efforts after the alleged attacks, but was arrested by law enforcement and was made to sit for approximately 2.5

2

hours. *Id*. ¶¶ 31-34. Officers did, however, let other "journalists from various other outlets continue to report on the events." *Id.* ¶ 35. Monacelli alleges that several John Doe Officers disbelieved Monacelli's claims to be a journalist and insisted Monacelli produce a "press ID," after which Monacelli's hands were zip-tied. *Id.* ¶¶ 37-41. Monacelli's alleged detention ended around midnight that evening. *Id.* ¶ 41. As a result of these actions, Monacelli claims his First, Fourth, and Fourteenth Amendment rights were violated. *See generally,* Compl. Monacelli's claimed damages include a wounded leg, stress/anxiety issues, and lost professional opportunities due to his detention. *Id*. ¶¶ 28; 59-61.

On October 26, 2021, Monacelli filed suit under 42 U.S.C. § 1983, asserting claims against the City and "Officers John Doe 1-4" for the alleged deprivation of Monacelli's rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.¹ (ECF. No. 1.) Monacelli thereafter filed his First Amended Complaint on November 1, 2021. The City in response filed its Motion to Dismiss Monacelli's Complaint (Doc. No. 8); that Motion is now fully briefed and awaiting resolution. Monacelli now files the instant motion seeking an order permitting expedited discovery in advance of the parties' rule 26(f) conference and before the limitations period expires to determine the identities of the John Doe defendants who allegedly caused his injuries. Mot. at 2.

### III. ARGUMENT AND AUTHORITIES

Rule 26(d) of the Federal Rules of Civil Procedure unambiguously provides that, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when

---

[1] Plaintiff sues the John Doe Officers under 42 U.S.C. § 1983, which makes liable "[e]very person" who, under color of state law, violates an individual's federal constitutional rights. Plaintiff seeks expedited discovery to determine the identifies of the John Doe Officers he alleges caused his injuries. *See generally,* Mot.

3

authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Here, no Rule 26(a)(1)(B) exception or rule applies, nor can Monacelli obtain a stipulation from an unknown Doe defendant. Therefore, Monacelli may only use expedited discovery by court order. However, an order that authorizes an exception to Rule 26(d) and expedites discovery should only be granted "if there is some showing of good cause to justify the order." *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc*., 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004).

Rule 26(d) allows a party to seek expedited discovery, and the Fifth Circuit has permitted expedited discovery in certain circumstances, *see, e.g.*, *FMC Corp. v. Varco Int'l, Inc.*, 677 F.2d 500, 501 (5th Cir. 1982) (affirming district court's order authorizing expedited discovery before a hearing on a preliminary injunction); *Quilling v. Funding Resource Group*, 227 F.3d 231, 236 (5th Cir. 2000) (noting, in dicta, a district court's order authorizing expedited discovery in a Securities and Exchange Commission civil enforcement action). However, the Federal Rules of Civil Procedure do not provide, and the Fifth Circuit has not addressed, the standard to apply when determining motions seeking expedited discovery. Absent such guidance, courts have applied either a "preliminary-injunction-style analysis" or the "good cause standard" when considering motions for expedited discovery. *See, e.g.*, *Greenthal v. Joyce*, No. 4:16–CV–41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016). The trend among district courts in the Fifth Circuit favors application of a "good cause" standard to resolve motions for expedited discovery. As this Court explained:

> While the United States Court of Appeals for the Fifth Circuit has not addressed the standard to apply when determining whether to authorize expedited discovery, an increasing majority of district courts, including those in the Fifth Circuit, have adopted a "good cause" standard. *See St. Louis Group, Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239, 240 (S.D. Tex. 2011); *Paul v. Aviva Life & Annuity Co.*, No. 3:09-cv-1490-B, 2009 WL 3815949, at *1 (N.D. Tex. Nov. 12, 2009) ("The federal rules generally prohibit a party from seeking discovery from any source before a Rule 26(f) conference. *See* FED. R. CIV. P. 26(d)(1). However, the

court may order expedited discovery if there is some showing of good cause to justify the order.")

*Talon Transformation Tech., Inc. v. StoneEagle Servs., Inc.*, No. 3:13-cv-902-P, 2013 WL 12172925, at *2 (N.D. Tex. May 14, 2013).

"In determining whether good cause exists, courts often consider '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Greenthal v. Joyce*, 2016 WL 362312, at *2 (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope. *St. Louis Grp.*, 275 F.R.D. at 240. Monacelli has failed to demonstrate good cause for the expedited discovery because he has not met the generally accepted elements for granting such relief.

1) **The first factor weights against Monacelli because he has not shown urgent circumstances exist for expedited discovery, such as a pending motion for a preliminary injunction.**

Courts have determined that "expedited discovery is appropriate in cases involving preliminary injunctions" because of the inherent time-sensitive nature of obtaining and maintaining an injunction. *N. Am. Deer Registry, Inc. v. DNA Solutions, Inc.*, No. 4:17-cv-62, 2017 WL 1426753, at *2 (E.D. Tex. Apr. 21, 2017). Yet tellingly, courts have not found good cause where a plaintiff "seeks expedited discovery to decide whether it will *potentially* seek preliminary injunctive relief," *Fiduciary Network*, 2015 WL 11120985, at *2 (emphasis in original); *Northstar Offshore Ventures, LLC v. Tana Expl. Co. LLC*, No. 3:18-CV-2025-N, 2018 WL 3970616, at *8 (N.D. Tex. Aug. 20, 2018)(denying expedited discovery for party where it had not sought to

5

adjudicate prior request for preliminary injunction.) In other words, even the *specter* of an injunction has been found insufficient to deviate from the typical discovery process. Here, Monacelli's request is not accompanied by urgent circumstances, such as a preliminary injunction motion that could not be fairly resolved without initial discovery. *Entertainment Tech. Corp. v. Walt Disney Imagineering, et al.*, No. Civ. A. 03-3546, 2003 WL 22519440, at *5 (E.D. Pa. Oct. 2, 2003) (denying motion to expedite discovery where "there is no pending preliminary injunction hearing for which the parties need to prepare, rendering the need to expedite discovery less urgent"). Nor has Monacelli shown that there is a significant risk that evidence will be compromised by the time discovery ordinarily begins. *See Cargill, Inc. v. M/V Minos et al.*, No. Civ. A. 96-251, 1996 WL 32524 (E.D. La. Jan. 23, 1996) (expedited discovery granted where the ship that was the subject of the litigation was scheduled shortly to leave the United States, with uncertain return.) As Monacelli has neither secured nor sought a preliminary injunction in this case, he has failed to establish that urgent circumstances exist to warrant expedited discovery. Accordingly, the first factor weighs against him.

   2) **The second and fourth factors weigh against Monacelli because the breadth of the discovery requests is considerably larger than he indicates, and the burden on the City is considerable.**

Monacelli claims his request is "narrow, only relating to records that pertain to Monacelli as related to the City's law enforcement response to the George Floyd protests on June 1, 2020." Mot. at 3. Contrary to Monacelli's assertion, his "narrow" request encompasses the whole of the Dallas Police Department's activities during the chaotic events of June 1. There were countless protesters and law enforcement personnel, including DPD officers and command staff on the Bridge at, or around the time, Monacelli claims he was injured. In *Tasia Williams et al. v. City of Dallas et al.*, Civil Action No. 3:20-CV-1526-L, another protest-related case, the City participated

in extensive discovery and faced significant challenges trying to identify individual officers involved in citizen encounters on the Bridge, primarily because protesters were released at the scene and did not subsequently file a complaint with DPD. Monacelli does not allege that DPD generated an incident report, arrest report, or citation documenting his arrest, or that he filed an internal complaint with DPD concerning the incident giving rise to his claims. Therefore, identifying the John Doe defendants who Monacelli claims injured him on June 1, 2022 will be extremely difficult, if not impossible.

Unlike, for example, a car wreck involving a DPD officer on a given day at a precise location, without more information from Monacelli, it is unlikely that the City will be able to identify which City employees were involved in his encounter.

**3) The third factor weighs against Monacelli because he does not state a compelling purpose to order expedited discovery.**

Monacelli has obviously known about his alleged injuries for almost two years. He made a tactical decision to file his lawsuit, nearly a year and a half after the alleged incident, in late October of 2021. (ECF. No. 1.) His unexplained delay does not create a compelling purpose, and given how late this Motion was filed, Monacelli's requested relief will not produce the result he seeks: the identities of the John Does so he can name them in this lawsuit and meet the applicable statute of limitations.

As of June 1, 2022, Monacelli's claims against any individuals associated with the City all but surely expire. Claims under 42 U.S.C. § 1983 are governed by Texas's two-year, personal injury limitations statute. *See Helton v. Clements,* 832 F.2d 332, 334 (5th Cir.1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is ... two years" (citations omitted)); *see also Shelby v. City of El Paso, Tex.,* 577 F. App'x 327, 331 (5th Cir.2014) (per

curiam) ("our cases have consistently held that '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state' " (quoting *Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir.2001).)

Even if Monacelli obtains the names of Monacelli's alleged perpetrators, his claims will not be tolled so as to meet the statute of limitations. As this Court recently noted, "the Fifth Circuit has declined to apply equitable tolling where a plaintiff's 'inability to determine the identities of [unnamed defendants] before the limitations period had run was attributable to his own decision to file his suit so close to the end of the limitations period.'" *Vodicka v. Ermatinger*, No. 3:19-CV-0056-B, 2021 WL 1086979, at *6 (N.D. Tex. Mar. 22, 2021) (citing *Balle v. Nueces Cnty., Texas*, 952 F.3d 552, 558 (5th Cir. 2017).) Likewise, the Fifth Circuit has affirmed a "determin[ation] that equitable tolling is not warranted" where a plaintiff did not explain "the efforts that he made to secure the identification of the defendants within the two-year limitations period, or afterwards" and, therefore, "failed to establish that he actively pursued his judicial remedies or otherwise acted diligently." *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (citing *Bailey v. Gardner,* 154 S.W.3d 917, 920 (Tex.App. – Dallas 2005); *Perez v. United States,* 167 F.3d 913, 917 (5th Cir.1999)). In *Bailey,* the Dallas Court of Appeals held that "[e]quitable tolling applies in situations where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period, or where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." 154 S.W.3d at 920 (citations omitted). And in *Perez,* the Fifth Circuit examined the equitable tolling standard in *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990), which the Court of Appeals concluded "indicates equitable tolling is available where a plaintiff has actively pursued judicial remedies but filed a defective pleading, as long as the plaintiff has exercised due diligence." 167 F.3d at 917; *see*

8

*also Irwin,* 498 U.S. at 96 ("[T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.").

Given the last-minute nature of Monacelli's request, even should this Court grant the relief Monacelli seeks, time will not allow for Monacelli's Reply, this Court's ruling, the service of discovery, requisite reasonable search for responsive documents and information, and production of documents and information prior to the June 1 statute of limitations for his claims. This renders his request futile. As this Court has well summarized:

> When a Section 1983 plaintiff knows or has reason to know of an injury and the cause of that injury – *such as arrest by police officers that he believes to be wrongful* or use of force by prison guards that he believes to be excessive – the limitations period begins, and he acquires a duty to fully investigate his claims. Simply because a plaintiff later learns – in pursuing his investigation, for example – that a particular defendant also may be liable for his harm does not restart the limitations period as to that defendant.

*Rogers v. Buchanan*, No. 3:12-CV-2458-M-BN, 2015 WL 5772203, at *3 (N.D. Tex. Aug. 4, 2015), *report and recommendation adopted,* No. 3:12-CV-2458-M-BN, 2015 WL 5771926 (N.D. Tex. Sept. 30, 2015) (emphasis added.)

In sum, Monacelli will not obtain the names of the alleged perpetrators in time to meet the statute of limitations, and his claims will not be subject to tolling. Therefore, since Monacelli's requested relief will not accomplish Monacelli's objective even were it granted, Monacelli has failed to demonstrate a compelling purpose.

4) **The final factor weights against Monacelli because his discovery requests are significantly in advance of the typical discovery process.**

The City is a named defendant in this case, and it timely filed its Motion to Dismiss on November 23, 2021. (Doc. No. 8.) After Monacelli's Response (Doc. No. 12) and the City's Reply (Doc. No. 13), the City's dispositive motion is now fully briefed and awaiting ruling. The Court has not ordered a rule 26(f) conference yet, and therefore, Monacelli and the City have yet to

develop any discovery plan related to this case. Monacelli's requested discovery is, as a result, significantly in advance of the typical discovery process.

Further, court are empowered to protect parties from discovery during pendency of a Motion to Dismiss. The Court "'has broad discretion and inherent power to stay discovery' while a motion to dismiss is pending." *Reich Album & Plunkett, L.L.C. v. Wheat, Opperman & Meeks, PC.*, No. 06-10850, 2007 WL 1655677, at *3 (E.D. La. June 4, 2007) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). The Fifth Circuit has held that it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined. *Petrus*, 833 F.2d at 583. There is also "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see In re Beebe*, 56 F.3d 1384 (5th Cir. 1995) (citing *Landis* in support of stay.) In addition, under Federal Rule of Civil Procedure 26(c), the Court may issue a protective order staying discovery for good cause, such as a finding that further discovery will impose undue burden without aiding the resolution of the dispositive motion. *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (citations omitted). Given the commonality of staying discovery during the pendency of dismissal, this further weighs against Monacelli's requested discovery.

## IV.   CONCLUSION

For the reasons stated, Monacelli has failed to show good cause for an order allowing him to conduct discovery before the parties' Rule 26(f) conference. Therefore, Monacelli's motion for expedited discovery should be denied.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
City Attorney

/s/ *J. Cheves Ligon*
J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
john.ligon@dallascityhall.com

Lindsay Wilson Gowin
Senior Assistant City Attorney
Texas State Bar No. 241114001
lindsay.gowin@dallascityhall.com

Devin Q. Alexander
Assistant City Attorney
Texas State Bar No. 24104554
devin.alexander@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:   214-670-3519
Facsimile:   214-670-0622

*Attorneys for Defendant City of Dallas*

11

## CERTIFICATE OF SERVICE

I certify that on May 19, 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                              *s/ J. Cheves Ligon*
                                              J. Cheves Ligon