IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVEN M. MONACELLI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-2649-L** |
| | § | |
| **CITY OF DALLAS and** | § | |
| **JOHN DOE DALLAS POLICE** | § | |
| **DEPARTMENT OFFICERS 1-4,** | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the court is Plaintiff's Objections to Magistrate Judge's Order Denying Plaintiff's Motion for Expedited Discovery (Doc. 19), filed June 17, 2022.  The court **overrules** Plaintiff's objections for the reasons herein explained.

Plaintiff Steven M. Monacelli ("Plaintiff"), a freelance reporter, objects to the magistrate judge's June 3, 2022 order (Doc. 18) denying his request to obtain expedited discovery from the City of Dallas regarding the four John Doe police officers.  Plaintiff sought expedited discovery to identify *and* serve these Defendants before the fast-approaching statute of limitations deadline for his claims based on alleged constitutional violations that were brought pursuant to 42 U.S.C. § 1983.  According to Plaintiff's pleadings, these police officers violated his First, Fourth, and Fourteenth Amendment rights on June 1, 2020, during a George Floyd protest, when they: (1) shot him in the leg with a Kinetic Impact Projectile or KIP; and (2) detained him for two-and-a-half hours on the Margaret Hunt Hill Bridge. Plaintiff's Motion for Expedited Discovery (Doc. 14) was filed on Saturday, May 28, 2022.

Plaintiff objects to the magistrate judge's order, contending that: (1) "[e]arly discovery is essential when it is for the narrow purpose of allowing diligent plaintiffs to identify John Doe Officer Defendants"; (2) "[t]he Magistrate Judge erred in finding Plaintiff's necessary purpose 'important,' but concluding that factor weighed against him because he did not exercise diligence"; (3) "Plaintiff's proposed discovery requests are not facially broad"; (4) "Defendant City of Dallas's burden to comply with the request is minimal because the identities of the John Does are likely known to the City and Plaintiff has provided specific information that will ease the identification process"; and (5) "[e]ven though the limitations period has now lapsed, it is still necessary and imperative for Plaintiff to identify the John Doe defendants." Pl.'s Obj. 5-10.  Among other things, Plaintiff contends that, like the plaintiff in *Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007), he acted diligently in seeking discovery to determine the identity of the John Doe police officers before expiration of the statute of limitations, and the magistrate judge, therefore, erred in denying his motion.

A magistrate judge's determination regarding a nondispositive matter is reviewed under the "clearly erroneous or contrary to law" standard.  28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a).  This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. Unites States Gypsum Co.*, 333 U.S. 364, 395 (1948).  As explained by the court in *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285 (N.D. Tex. May 12, 2009):

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of

the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his] legal conclusions. [T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Id.* at *2 (citations and internal quotations marks omitted).

Plaintiff's motion pertains to discovery in this case.  Discovery is clearly a pretrial matter over which magistrate judges have authority to decide. 28 U.S.C. § 636(b)(1)(A).  After reviewing the magistrate judge's order, Plaintiff's discovery motion, the parties' briefs on the motion, and Plaintiff's objections, the court determines that the magistrate judge's order denying Plaintiff's Motion for Expedited Discovery is not clearly erroneous or contrary to law.

Moreover, the court disagrees that Plaintiff acted diligently because, as noted, he waited until Saturday, May 28, 2022, only thirty-four days before expiration of the June 1, 2022 statute of limitations, before filing his Motion for Expedited Discovery. Although the motion was filed and appears on the docket sheet as an "emergency" motion, Plaintiff also took the full fourteen days allowed under this District's Local Civil Rules for filing a reply brief before filing his reply in support of his motion on June 2, 2022.  As a result, his motion was not ripe until after expiration of the statute of limitations.  The magistrate judge promptly ruled on the discovery motion on June 3, 2022.  Even if the magistrate judge had granted the motion, however, Plaintiff could not have conceivably obtained the discovery he sought *and* served the John Doe Defendants before expiration of the statute of limitations because of his delay in filing the motion.  In addition, Plaintiff waited five months after the City of Dallas filed its Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), before seeking discovery. Consequently, this case is factually distinguishable from the Fifth Circuit's opinion in *Green v. Doe.*

For this reason and the other reasons stated by the magistrate judge, the court, therefore, **overrules** Plaintiff's objections (Doc. 19) and **affirms** the magistrate judge's June 2, 2022 order (Doc. 18) denying his Motion for Expedited Discovery (Doc. 14).

**It is so ordered** this 22nd day of June, 2022.

Sam A. Lindsay
United States District Judge

**Order – Page 4**