IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **STEVEN M. MONACELLI,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:21-CV-2649-L** |
| § | |
| **CITY OF DALLAS and** § | |
| **JOHN DOE DALLAS POLICE** § | |
| **DEPARTMENT OFFICERS 1-4,** § | |
| § | |
| Defendants. § | |

## ORDER

On October 26, 2021, Plaintiff Steven Monacelli ("Monacelli" or "Plaintiff") filed this 42 U.S.C. § 1983 civil action seeking to hold the City of Dallas and several Dallas Police Department ("DPD") officers liable for injuries Monacelli allegedly suffered while working as a journalist covering a protest on June 1, 2020. *See* Sec. Am. Compl. (Doc. 25). On September 30, 2022, the court granted Defendant City of Dallas's (the "City" or "Defendant") Motion to Dismiss (Doc. 8) Monacelli's First Amended Complaint (Doc. 4) pursuant to Federal Rule of Civil Procedure 12(b)(6). Monacelli then filed a Second Amended Complaint on October 31, 2022. The City filed a Motion to Dismiss Monacelli's Second Amended Complaint (Doc. 28) pursuant to Rule 12(b)(6). The city asserts primarily that Monacelli's Second Amended Complaint does *not* cure the deficiencies outlined in the court's Memorandum Order and Opinion granting the City's Motion to Dismiss Monacelli's First Amended Complaint.

On November 22, the court referred the City's Motion to Dismiss Monacelli's Second Amended Complaint to the United States Magistrate Judge for findings, conclusions, and recommendation. *See* Order (Doc. 30). On September 1, 2023, after hearing oral arguments, *see*

**Order – Page 1**

Elec. Min. Entry (Doc. 34), the magistrate judge entered its Findings, Conclusions, and Recommendation ("Report") (Doc. 42) recommending that the court grant the City's Motion to Dismiss Monacelli's Second Amended Complaint and Brief in Support ("Motion") (Doc. 28) for primarily the same reasons the court granted the Motion to Dismiss Monacelli's First Amended Complaint. In other words, the magistrate judge found that Monacelli failed to cure the deficiencies present in his First Amended Complaint. *See* Report.

On September 15, 2023, Plaintiff filed Objections to the Report ("Objections") (Doc. 43) asserting three substantive objections: (1) that the Report "wrongly found that [Monacelli's] pleadings did not make it at least plausible that Defendant's Chief of Police is Defendant's delegated policymaker for internal police procedures in the area of law enforcement," Report 1; (2) the Report "incorrectly found that [Monacelli's] pleadings did not make it at least plausible that Defendant is liable under a Failure-to-Enact Policies Theory or Failure-to-Train Theory," Report 14; and (3) the Report "incorrectly found that [Monacelli] did not identify facially unconstitutional internal police policies that were the moving force behind the deprivation of his constitutional rights," Report 20.

Under Supreme Court and Fifth Circuit precedent, it is well-established that a city is not liable under § 1983 on the theory of *respondeat superior*. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *see also Board of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citations omitted) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior."). To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right. *Id.* Though the court does not require "proof" of any element at the motion-to-dismiss stage, Monacelli "must allege facts that support the elements of

**Order – Page 2**

the cause of action in order to make out a valid claim." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right of relief above the speculative level.").

Here—despite the inaccurate representations made in Plaintiff's Objections—the Report efficaciously concludes that Plaintiff fails to allege facts sufficient to plead that the City's chief of police is delegated official policymaking authority. *See* Report 10-19. As the Report accurately states, "[t]he Fifth Circuit recently reiterated that '[a] municipality can be held liable only when it delegates policymaking authority, not when it delegates decision making authority.'" Report 17 (quoting *Longoria ex rel. M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 271 (5th Cir. 2019) (citations omitted)). "There is a fundamental difference between decision makers and policymakers," such that "[d]iscretion to exercise a particular function does not necessarily entail final policymaking authority over that function." *Martinez v. City of North Richland Hills*, 846 F. App'x 238, 246 (5th Cir. 2021) (per curiam) (cleaned up). Here, the City's chief of police is delegated decision-making authority *not* policymaking authority. Neither the City's Charter nor the City's Code expressly or impliedly delegates final policymaking authority to the police chief. Instead, both make it clear that the chief is subject to more than just "mere" oversight and review by the city manager. *See Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 603 (5th Cir. 2001) ("The mere existence of oversight, however, is not enough."). Under these ordinances, the chief reports to the city manager and the city manager reports to the city council, the final policymaker for the City. *See Groden v. City of Dallas*, 826 F.3d 280, 286 (5th Cir. 2016) ("[U]nder Texas law, the final policymaker of the city of Dallas is the Dallas city council" (citing *Bolton v. City of Dallas*, 541 F.3d 545, 550 (5th Cir. 2008))). Further, Plaintiff fails to allege sufficient facts that

**Order – Page 3**

the City's conduct, practice, encouragement, or acknowledgement impliedly delegated policymaking authority to the chief. Accordingly, Monacelli's first objection is **overruled**.

Provided that all of Plaintiff's § 1983 claims against the City rest entirely on the court finding that the City's chief of police was the policymaker—the court's review of Plaintiff's Objections could stop here because all of Plaintiff's causes of action against the City are deficient as to the second element. Nevertheless, as to the two remaining objections, Monacelli fails to cure all deficiencies outlined in the court's Memorandum Order and Opinion. To the extent Monacelli's Second Amended Complaint differs from its First Amended Complaint—Monacelli's claims against the City still fail under the remaining elements of the *Monell* standard. Accordingly, Monacelli's second and third objections are **overruled**.

Having considered the Second Amended Complaint, Report, file, and record, and having conducted a *de novo* review of the portions of the Report to which objections were made, the court determines that the magistrate judge's finding and conclusions in the Report are correct and **accepts** them as those of the court.

Further, the provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*,

**Order – Page 4**

371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Plaintiff has had ample opportunity to present his factual allegations to the court because he amended his claims twice through the First Amended Complaint and Second Amended Complaint. Further, the court identified the deficiencies in Plaintiff's First Amended Complaint in the court's Memorandum Opinion and Order, and he had the opportunity to object to the Report and provide the court with factual bases for his allegations, which he did. He has failed to present sufficient factual bases for his claims, despite these opportunities to do so, and the court concludes that Plaintiff has stated his "best case." *See Schiller*, 342 F.3d at 566. The court therefore determines that permitting further pleading attempts would be an inefficient use of the parties' and the court's resources, cause unnecessary and undue delay, and also be futile. For these reasons, the court will not allow Plaintiff an opportunity to amend his pleading regarding his claims against the City. Accordingly, the court **grants** the City's Motion to Dismiss (Doc. 28) and **dismisses with prejudice** Monacelli's claims against the City.

**It is so ordered** this 29th day of September 2023.

Sam A. Lindsay
United States District Judge

Order – Page 5