IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVEN M. MONACELLI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-2649-L** |
| | § | |
| **CITY OF DALLAS and** | § | |
| **JOHN DOE DALLAS POLICE** | § | |
| **DEPARTMENT OFFICERS 1-4,** | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiff Steven Monacelli's ("Plaintiff" or "Mr. Monacelli") Statement of Good Cause as to His Inability to Identify and Serve John Doe Officer Defendants 1-4 ("Statement") (Doc. 24), filed October 31, 2022, wherein Plaintiff requests "to undertake limited discovery to identify and serve the John Doe defendants." Doc. 24 at 6. The court previously denied Plaintiff's request for limited discovery; therefore, the court construes Plaintiff's Statement as a motion to reconsider. Having considered the Statement, response, reply, record, and applicable law, the court **stands by** its previous ruling denying Plaintiff's request for limited discovery; **denies** Plaintiff's motion for reconsideration; and **dismisses** this action with prejudice.

## I.     Background

On October 26, 2021, Mr. Monacelli filed this 42 U.S.C. § 1983 civil action seeking to hold Defendants City of Dallas (the "City") and John Does Dallas Police Department officers 1-4 ("John Does") liable for injuries he allegedly suffered while working as a journalist covering a protest on June 1, 2020. Doc. 1. The court dismissed with prejudice all claims against the City pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 45 at 5.

As to John Does, on April 28, 2022—184 days after he filed his Complaint and 34 days before the expiration of the statute of limitations—Plaintiff filed an Emergency Motion for Leave to take Expedited Discovery Limited to the Identities of John Does 1-4 ("Motion for Discovery") (Doc. 14). The next day, the court referred Plaintiff's Motion to United States Magistrate Judge Rebecca Rutherford for hearing, if necessary, and determination. Doc. 15. The City filed a response (Doc. 16) on May 19, 2022. Fourteen days later—and one day after the statute of limitations expired—Plaintiff filed a reply (Doc. 17). On June 3, 2022, the day after Plaintiff filed his reply, the magistrate judge denied Plaintiff's Motion for Discovery. Doc. 18 at 1. Specifically, she found that "[t]he majority of relevant factors weigh against the [c]ourt finding good cause to accelerate discovery" and that Mr. Monacelli "failed to meet his burden to show good cause." *Id.* at 5-6. On June 17, 2022, Plaintiff filed objections to the magistrate judge's order (Doc. 19), which the court overruled on June 22, 2022 (Doc. 20).

On September 30, 2022, the court ordered Mr. Monacelli to effect service on John Does "no later than October 31, 2022, or show good cause in writing by October 31, 2022, for the failure or inability to effect service on these Defendants." Doc. 23 at 22. The court further warned him that "[f]ailure . . . to effect service or show good cause in writing for such failure by the deadline set by the court will result in dismissal without prejudice of this action against [John Does] under Federal Rules of Civil Procedure 4(m)." *Id.*

On October 31, 2022, Plaintiff filed this Statement wherein he argued that good cause exists to extend the time for service by 90 days, and requested that the court permit him to "undertake limited discovery to identify and serve" John Does. Doc. 24 at 4-6.

On November 21, 2022, the City filed a response (Doc. 29), and on November 28, 2022, Plaintiff filed a reply (Doc. 31). On June 23, 2023, the court conducted a hearing and heard oral

**Memorandum Opinion and Order – Page 2**

arguments pertaining to Plaintiff's Statement and stated that it would take the matter under advisement (Doc. 41). The court now renders its ruling.

## II.     Plaintiff's Arguments

As stated in his Motion for Discovery, before filing this action Plaintiff reviewed several videos and photographs taken from the day of the incident; however, because he was unable to ascertain the identities of John Does, he filed his complaint seven months before the statute of limitations expired "intending to 'conduct discovery backed by the authority of the court.'" *Id.* at 3-4 (citing *Green v. Doe*, F. App'x 717, 719 (5th Cir. 2007)).

While the City's Motion to Dismiss was pending, "Plaintiff continued to pursue formal and informal avenues to discover the identities." *Id.* at 4. On February 1, 2022, Plaintiff "submitted a Texas Public Information Act [("TPIA")] request to the City." *Id.* The City denied Plaintiff's request asserting the litigation exception to the TPIA, even though it "was within the City's discretion to waive" the litigation exception. *Id.*; *see* Tex. Gov't Code § 552.103. On April 28, 2022, Plaintiff filed his Motion for Discovery. Despite the expiration of the statute of limitations on June 1, 2022, Plaintiff argued in his Motion for Discovery, reply, and now again in his Statement that:

> early discovery was still available and necessary. . . (1) because Plaintiff filed his lawsuit in a timely fashion and thus was entitled to "conduct discovery backed by the authority of the court" into [] John Does' identities; and (2) because early, limited discovery was still necessary to show his continued diligence in naming the John Doe officers in order to seek equitable tolling of the limitations period later.

Doc. 24 at 5. After the court denied Plaintiff's Motion for Discovery, on June 22, 2022, and ordered Plaintiff to serve John Does by October 31, 2022, Plaintiff contacted counsel for the City on October 24, 2022

> to inquire into whether the City had, via its own internal investigation, identified any of the John Doe[s]. . . and asked if the City would be willing to disclose any of

the following information: (1) Any arrest reports, incident reports, or officer narratives from June 1, 2020 pertaining to [Mr.] Monacelli; (2) A roster of officers who were present on the Margaret Hunt Hill Bridge during the evening of June 1, 2020; and (3) Any BlueTeam reports related to the events on the bridge on June 1, 2020.

*Id.* at 5-6. The City denied this request. *Id.* at 6.

Thus, Plaintiff's filed this Statement and argues that "good cause exist[s] to extend the time for service by ninety days" and that "early discovery is the only mechanism that will permit Plaintiff to identify John Does." *Id.* at 3, 6.

## III.    The City's Response

The City asserts that Plaintiff's claims against John Does should be dismissed for three reasons. Doc. 29 at 1. First, "Plaintiff is responsible for his inability to identify and serve [John Does] and, therefore, he should not be allowed to continue his fruitless efforts to do so." *Id.* Second, "even if he were able to identify and serve [John Does] at this late date, it would be unfairly prejudicial to all Defendants. *Id.* Third, "even if he were able to identify and serve [John Does] at this late date, it would be ultimately an act of futility because the statute of limitations has expired." *Id.*

## IV.    Analysis

The record before the court pertaining to Plaintiff's request to conduct limited discovery has not changed since Plaintiff first requested this relief from the court back in May 2022. *Compare* Doc. 24 (Statement) *and* Doc. 14 (Motion for Discovery). Plaintiff had five months between the filing of his Motion for Discovery and his Statement, and the only efforts made to identify John Does was contacting counsel for the City—one week before the court's-imposed deadline—to request information about their identities, despite the City repeatedly saying it did not know the identities of John Does, and even if they did, it would not be able to disclose said information. *See*

Doc. 29 at 7 n.3 ("Boiled down, Plaintiff asks the City to abandon the protections of both the Federal Rules of Civil Procedure and the PIA to "out" [John Does], subject its own employees to litigation, and expose them to potential liability. [. . .] Even still, [John Does'] identities are nonetheless still unknown to the City at this time."). Since the circumstances and facts to support Plaintiff's request for limited discovery have not changed from the time he filed the Motion for Discovery, Plaintiff's request to permit limited discovery within his statement is construed as a motion to reconsider.[1]

For the reasons stated in the magistrate judge's order and the court's order overruling Plaintiff's objections and affirming the magistrate judge's order, the court again finds that Plaintiff does not meet his burden of showing good cause to accelerate discovery prior to the Rule 26(f) conference. Doc. 18 at 2; Doc. 20. The court's prior conclusion that Plaintiff lacked diligence is further supported by Plaintiff's continued lack of diligence after the court ordered it to serve John Does by October 31 or demonstrate good cause. Plaintiff still fails to provide any adequate explanation for the number of delays. Therefore, the court **denies** Plaintiff's motion to reconsider and **stands by** its earlier decision to deny Plaintiff limited discovery.

Furthermore, even if the court were to permit Plaintiff to conduct limited discovery and serve John Does, doing so would be futile because Plaintiff's claims against John Does are barred by the statute of limitations. Although there is not a federal statute of limitations for section 1983 claims, federal courts use the forum state's personal injury statute of limitations instead. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon

---

[1] In the interest of judicial economy, the court incorporates by reference the legal standard and analysis in the Magistrate Judge's Order Denying Plaintiff's Motion for Expedited Discovery (Doc. 19) and the court's Order overruling Plaintiff's objections and affirming the Magistrate Judge's Order (Doc. 20).

**Memorandum Opinion and Order – Page 5**

2002). The Fifth Circuit has applied this statute of limitations to section 1983 claims. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Thus, Mr. Monacelli had two years to file suit from the date his claims accrued. Although state law governs the limitations period, federal law governs when a section 1983 claim accrues. *Piotrowski*, 237 F.3d at 576.

> Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Id.* (citations and internal quotation marks omitted). Here, the parties agree that the statute of limitations commenced to run on June 1, 2020—the date of the protest—and expired on June 1, 2022.

A statute of limitations will support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings and the record that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted). For the reasons that follow, Mr. Monacelli has not set forth an adequate basis for tolling the statute of limitation.

Although Mr. Monacelli filed this action before June 1, 2022, he did not (and has not) identified and served John Does. Further, under Fifth Circuit precedent, even if Mr. Monacelli identified John Does after June 1, 2022, and sought leave to amend his pleadings, the amended complaint naming John Does would not relate back to his original complaint. *See* Fed. R. Civ. Proc. 15(c)(1); *Balle v. Nueces Cnty.*, 952 F.3d 552, 557 (5th Cir. 2017) ("[W]e conclude that the Texas law providing the applicable limitations period [for section 1983 actions] does not allow relation back within the meaning of Rule 15(c)(1)(A)."); *Jacobsen v. Osborne*, 133 F.3d 315, 320

(5th Cir. 1998) (holding that Rule 15(c)(1)(C) does not apply if after the limitations has passed, the plaintiff learns the identifies of John Doe Defendants because "there [is] no mistake in identifying the correct defendant; rather, the problem [is] not being able to identify that defendant."). Therefore, the statute of limitations bars Plaintiff's claims against John Does unless the doctrine of equitable tolling applies.

"[T]he doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). "Traditional equitable principles preclude a court from invoking equitable tolling, however, when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations." *Id.* at 299. For example, in *Green*, the plaintiff filed section 1983 claims against Defendant "John Doe" almost eleven months before the running of the statute of limitations and filed motions for discovery twice before the limitations expired. *Green*, 260 F. App'x at 719. After the district court denied both motions and dismissed the case as frivolous, the Fifth Circuit remanded the case as "dismissed prematurely." *Id.* After conducting limited discovery, the plaintiff was able to uncover the identity of John Doe; however, the district court again dismissed the action stating that the plaintiff cannot amend his complaint because his claim against John Doe was time barred. *Id.*

On appeal, the Fifth Circuit agreed that the amended pleading would not relate back to the date the original complaint was filed pursuant to Rule 15(c); however, it held that equitable tolling was appropriate "because the delay in determining the identity of 'John Doe' [was] not attributable to" the plaintiff's conduct, but instead due to the district court erroneously denying both of his motions preventing him from uncovering the identity of John Doe before the limitations expired. *Id.* at 719-20. In other words, "if he had not been denied discovery he would have had sufficient

**Memorandum Opinion and Order – Page 7**

time to identify the officer and amend his complaint under Rule 15(a) without need to relate back under Rule 15(c)." *Id.* at 720.

In this case, however, this court did not deny Plaintiff the opportunity to conduct limited discovery before the expiration of the statute of limitations, as Plaintiff's Motion for Discovery was not ripe until after the expiration of the statute of limitations. In *Balle*, the court held that the plaintiff's "inability to determine the identities of the Jane Does before the limitations period had run was attributable to his own decision to file his suit so close to the end of the limitations period." 952 F.3d at 558. "Unlike the plaintiff in *Green*, *Balle* filed his original complaint only a few days before the limitations period had run." *Id.* Therefore, the Fifth Circuit affirmed the district court's decision to dismiss the action because plaintiff's claims were barred by the statute of limitations, and equitable tolling did not apply. *Id.*; *see also Thornburg v. Williamson Cnty.*, No. 1:21-CV-00172-LY-SH, 2022 WL 1242481, *7-8 (W.D. Tex. Apr. 27, 2022) (holding that plaintiff's "inability to timely determine the identities of the unknown deputies was attributable to his decision to file suit so close to the end of the limitations period").

Mr. Monacelli's conduct is more analogous to the plaintiffs in *Balle* and *Thornburg*, than to the conduct of the plaintiff in *Green*. As the court previously noted, Mr. Monacelli failed to act diligently. Even though he filed this action with seemingly enough time to conduct limited discovery, like the plaintiff in *Green*, he waited until one month before the limitations expired to file his Motion for Discovery. As the court found:

> [T]he court disagrees that Plaintiff acted diligently because, as noted, he waited until Saturday, May 28, 2022, only thirty-four days before expiration of the June 1, 2022 statute of limitations, before filing his Motion for Expedited Discovery. Although the motion was filed and appears on the docket sheet as an "emergency" motion, Plaintiff also took the full fourteen days allowed under this District's Local Civil Rules for filing a reply brief before filing his reply in support of his motion on June 2, 2022. As a result, his motion was not ripe until after expiration of the statute of limitations. Even if the magistrate judge had granted the motion, however,

Plaintiff could not have conceivably obtained the discovery he sought and served the John Doe Defendants before expiration of the statute of limitations because of his delay in filing the motion. [. . .] Consequently, this case is factually distinguishable from the Fifth Circuit's opinion in *Green v. Doe*.

Doc. 20 at 5. Like the plaintiffs in *Balle* and *Thornburg*, Mr. Monacelli's inability to identify John Does is attributable to his conduct and lack of diligence in prosecuting this action. Therefore, Plaintiff's claims against John Does were not equitably tolled and are barred by the statute of limitations.

## V.      Conclusion

For the reasons stated herein, Plaintiff's request for limited discovery to identify John Does is **denied**. Pursuant to Federal Rule of Civil Procedure 4(m), the court **dismisses** this action against John Does because Plaintiff failed to serve them.[2] Further, this action is **dismissed with prejudice** because—even if the court granted additional time for service—any further amendments to Plaintiff's complaint would not relate back to the original pleading, the limitations period was not equitably tolled, and the claims against John Does are therefore barred by the two-year statute of limitations.

**It is so ordered** this 29th day of December, 2023.

Sam A. Lindsay
United States District Judge

---

[2] Ordinarily, a dismissal for failure to serve is without prejudice. *See* Fed. R. Civ. Proc. 4(m). Dismissal with prejudice, however, is appropriate because of the specific circumstances in this action and because Plaintiff's claims are barred by the statute of limitations.

**Memorandum Opinion and Order – Page 9**